McFARLAND and another, Respondents, vs. ZAHL, Appellant.

*January 13—February 1, 1910.*

*Continuance: Absence of witness: New trial: Discretion.*

Denial of a motion for a continuance because of the absence of a
material witness, and subsequent refusal to set aside the judg-
ment and grant a new trial, are *held* to have been justified upon
conflicting affidavits respecting the grounds alleged and the
good faith of the moving party.

APPEAL from a judgment of the circuit court for Wood
county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This is an action to collect the commission of the plaintiffs
as real-estate brokers for negotiating and consummating the
sale of a certain parcel of real estate which belonged to the
defendant. The complaint alleges that on October 1, 1906,
the plaintiffs had the premises listed with them by the defend-
ant, the agreement being that the plaintiffs were to have what-
ever they might procure for the land in excess of $8,400. It

is alleged that the plaintiffs advertised the land, procured abstracts, secured and brought many would-be purchasers to look over the land, and that they expended money and time in carrying out their contract. · Plaintiffs allege that they informed the defendant that the land was worth more than he asked for it, and that the price for which the land was to be sold was thereupon fixed at $12,000, and if the plaintiffs effected a sale thereof they were to receive a commission of five per centum. It is alleged that they succeeded in making the sale and that they bring this action to recover their commission.

The action was commenced in Langlade county and issue was joined on June 22, 1907. The action was duly noticed for trial in Langlade county and was called for trial at the November term of the court in 1907, but the defendant filed an affidavit of prejudice and the case was thereupon removed to the circuit court for Wood county. The case was noticed for trial at the May term in 1908 of the Wood county circuit court, but the defendant procured an affidavit from a physician stating that his wife was likely to be confined during the week during which the case would be tried and that he could not safely leave her. The plaintiffs' attorney thereupon consented to a continuance of the case, relying on the truth of the affidavit. He now states that he afterwards learned that the defendant's wife was not confined until two months later. On September 21, 1908, notice of trial was given for the term of the court to be held on October 5, 1908. On the first day of the term the defendant moved for a continuance until the next regular term of the court, and presented an affidavit in which he averred that a witness whose presence was indispensable for his defense was absent from the state and could not be secured for that term of court. A counter affidavit was presented averring that the witness was then within the city of Antigo and within reach of a subpœna. The court reserved its ruling on the motion. When the case was reached on the day calendar of October 8, 1908, the motion was renewed upon affidavits then presented to the effect that the

missing witness had for some time previous been in the northern part of the state; that his whereabouts were unknown; that he could not be found; and that the defendant had not aided the witness to evade the service of the subpœna. Counter affidavits were offered to the effect that the missing witness had been seen in the city of Antigo by several persons a number of times during the preceding week or ten days. The court denied the defendant's motion and also a motion to place the case at the foot of the calendar. The trial then proceeded. The plaintiffs presented evidence tending to sustain the allegations of the complaint, and on the evening of October 8, 1908, rested their case. The court took a recess until 9 o'clock the following morning, when the attorney for the defense stated that he had not heard from his client and that no defense could be made by evidence. The court then granted a motion for direction of a verdict in plaintiffs' favor. On January 23, 1909, judgment was entered upon the verdict so directed.

On April 17, 1909, the defendant's attorney moved the court to set aside the judgment and to grant a new trial upon the record. He presented defendant's affidavit to the effect that he had endeavored to have the missing witness subpœnaed for the trial; that he had presented the subpœna to the sheriff of Langlade county with instructions to serve it; and that he had not advised or aided the missing witness to evade the service of the subpœna. The affidavit also states that the defendant had attempted to leave Antigo on the morning of October 8, 1908, and that *en route* to Grand Rapids, the place of the trial of the action, he and his attorney were to prepare an affidavit for use on his motion for a continuance of the action, but that owing to the incorrectness of his timepiece he missed the train; and that he asked his attorney by telegram whether he should come to Grand Rapids, but that he did not receive a reply until the next morning, too late for him to be present at the trial.

An affidavit of the missing witness was also presented to the

effect that while he was present at his boarding house on the evening of October 5, 1908, when the marshal of the city of Antigo and another man came there, he overheard that the defendant had had a search-warrant issued for him, and that he ran out of the back door and avoided the service of the subpœna because his attendance at the trial at that time would interfere with his business. The affidavit also states that the defendant had not asked him to avoid the service of the subpœna.

Other affidavits in defendant's behalf were presented tending to deny the plaintiffs' claims for opposing the continuance of the case.

The sheriff of Langlade county made affidavit that when the defendant placed in his hands the subpœna for the missing witness he left with him no witness fees or any *per diem* to be paid or tendered to the witness, and that when requested so to do he asserted that he would settle with the witness. He also called twice at the boarding place of the witness, and he states that the residents of the house seemed to know his errand without having been told by him.

The marshal of the city of Antigo made affidavit that he overtook the missing witness when he left his boarding house on October 5, 1908, and that the witness gave him to understand that the defendant was anxious that the missing witness should not be found, and that it would mean more money to the marshal if he would not serve a subpœna on him.

These and other affidavits presented state that the reputations of the defendant and of the missing witness for truth and veracity are bad and that they could not be believed under oath.

At the conclusion of the argument on the motions to set aside the judgment and to grant a new trial the court denied the motions, with costs.

This is an appeal from the judgment and from the order of the court denying the continuance.

*Geo. W. Latta,* for the appellant.

*T. W. Hogan,* for the respondents.

SIEBECKER, J. From the foregoing statement it is manifest that the facts presented in the affidavits of the respective parties raised a sharp issue of fact respecting the grounds alleged and the good faith of the defendant in making the application for a continuance of the case on the first day of the term of the court at which the case was noticed for trial, and on the renewal thereof, when the case was reached on the trial calendar, as well as on the application for a new trial. An attentive perusal of the affidavits in connection with the facts and circumstances disclosed by the record in the case leads us to the conclusion that the trial court was justified in refusing the application for a continuance and in denying defendant's motion for a new trial.

*By the Court.*—Judgment affirmed.